# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Neil T. Washington, | ) | |
| | ) | Civil Action No.: 9:17-cv-00757-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for review of Magistrate Judge Bristow Marchant's ("Magistrate Judge") Report and Recommendation ("Report") filed on May 16, 2018 (ECF No. 20). The Report addresses Plaintiff Neil T. Washington's ("Plaintiff") claim for disability benefits and recommends that the court reverse the decision of the Commissioner of Social Security Administration ("the Commissioner") and remand the action for further administrative proceedings. (ECF No. 20 at 17.) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for further administrative proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 20.) As brief background, Plaintiff filed an application for disability benefits on February 7, 2014, and his application was denied initially. (*Id.* at 1.) After a hearing was held on July 22, 2015, an administrative law judge ("ALJ") determined, on December 15, 2015, that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a). (ECF No. 10-2 at 27.) More specifically,

1

the ALJ found that Plaintiff could, with additional limitations, "frequently reach overhead and in all directions with his left upper extremity; frequently handle with his left upper extremity; occasionally climb ramps and stairs, kneel, crouch, and crawl; frequently stoop and balance; and never climb ladders and scaffolds." (ECF No. 20 at 10.) Additionally, the ALJ found that Plaintiff could "make simple work-related decisions with regard to use of judgment and dealing with changes in the work setting . . . ." (*Id.*) The ALJ denied Plaintiff's disability benefits on this basis because Plaintiff was not disabled for purposes of the Social Security Act ("the Act"). (ECF No. 10-2 at 32.) Plaintiff's request for the Appeals Council ("the Council") to review the ALJ's decision was denied on December 15, 2015. (ECF No. 20 at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. *Moody v. Chater*, 1995 WL 627714, at *1 (4th Cir. Oct. 26, 1995) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on March 20, 2017. (ECF No. 1.)

In the Report, the Magistrate Judge concluded that the ALJ failed to comply with recent precedent from the United States Court of Appeals for the Fourth Circuit. (ECF No. 20 at 11.) Specifically, the Report noted that the ALJ failed to consider, and thereby impacting the RFC determination, whether Plaintiff's limitations in concentration, persistence, or pace impact his ability to stay on task. (*Id.* at 13-14.) On this basis, the Report ultimately recommended that the court reverse the decision of the Commissioner and remand the action for further administrative proceedings. (*Id.* at 17.)

The parties were apprised of their opportunity to file specific objections to the Report on May 16, 2018. (*Id.* at 18.) On May 30, 2018, the Commissioner filed an Objection to the Report

and argued that the ALJ "reasonably accounted" for Plaintiff's limitations in concentration, persistence, or pace. (ECF No. 22 at 2.) Moreover, the Commissioner maintains that the ALJ's decision was based on substantial evidence. (*Id.* at 3.) The Commissioner urges the court to reject the Magistrate Judge's Report and affirm the ALJ's decision. (*Id.* at 4.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the

3

[Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## III. DISCUSSION

An ALJ "does not account 'for a claimant's limitations in concentration, persistence, [or] pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015) (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). If an ALJ fails to explain why a claimant's limitation in concentration, persistence, or pace is excluded from a hypothetical question to a vocational expert, then a court is required to remand the case for additional administrative proceedings. *Id.* The Fourth Circuit explained that "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Thus, when an ALJ fails to account for all of a claimant's impairments in a hypothetical question, "the vocational expert's testimony is not 'substantial evidence' and cannot support the ALJ's conclusion that [a claimant] could perform significant numbers of jobs in the national economy." *Winschel*, 631 F.3d at 1181.

The Commissioner argues that "[t]he ALJ reasonably accounted for Plaintiff's moderate limitation in maintaining concentration, persistence, or pace . . . ." (ECF No. 22 at 2.) However, whether the ALJ "reasonably accounted" for Plaintiff's limitations in concentration, persistence, or pace is not the proper inquiry under *Mascio*. Under *Mascio*, an ALJ is required to *specifically account* for a claimant's limitations in concentration, persistence, or pace *within a hypothetical question* when they do not *explicitly reject* the impact of the limitations on work.[1] 780 F.3d at 638.

---

[1] As noted in the Report, the *Mascio* decision was decided a few months before the ALJ's questions in the instant case. (ECF No. 20 at 13.) Nevertheless, the court adheres to the general rule that judicial precedent is applied retroactively and applies *Mascio* to this case. *Cash v. Califano*, 621

4

As such, the court will examine the ALJ's hypothetical question about Plaintiff's limitations to determine whether they were accounted for in the assessment of Plaintiff's RFC.

In the hearing on July 22, 2015, the ALJ posed the following hypothetical question, after addressing Plaintiff's physical limitations, to the vocational expert:

> I'd ask you to further assume that this individual would be limited to performing simple and routine tasks. The use of judgment would be limited to simple work related decisions. Dealing with changes in the work setting would be limited to simple work related decisions, and time off task, for this hypothetical individual, could be accommodated by normal breaks. Now, the individual could not return to their past work based on the skill levels as well as the exertional levels. Correct?

(ECF No. 10-2 at 93-94.) The ALJ found that Plaintiff was moderately limited in his ability to maintain concentration, persistence, or pace. (ECF No. 10-2 at 26.) However, the ALJ failed to include Plaintiff's moderate limitations in the hypothetical question posed to the vocational expert. (ECF No. 10-2 at 93-94.) Additionally, the ALJ never mentioned Plaintiff's limitations during subsequent questions to the vocational expert. (ECF No. 10-2 at 94-105.) *Mascio* specifically requires an ALJ to include a claimant's concentration, persistence, or pace limitations in a hypothetical question unless the ALJ explains how the limitations do not impact a claimant's ability to work. 780 F.3d at 638. In the instant case, it is apparent that the ALJ failed to comply with *Mascio* because the ALJ never mentioned anything about Plaintiff's moderate limitations in concentration, persistence, or pace in a hypothetical question. (ECF No. 10-2 at 93-105.) Moreover, the ALJ did not address whether Plaintiff's moderate limitations affect his ability to work. (*Id.* at 27-31.) Therefore, the ALJ's decision, including that of Plaintiff's RFC, was not

---

F.2d 626, 632 (4th Cir. 1980) (holding that the Secretary of Health, Education, and Welfare failed to avoid the general rule that "judicial decisions are to have retroactive effect"). The Commissioner has not contested the retroactivity of the *Mascio* decision.

justified by substantial evidence, and the court is required to remand the action for further administrative proceedings. *Mascio*, 780 F.3d at 638.

Plaintiff presented additional arguments against the ALJ's initial decision. (ECF No. 17 at 16-31.) The court need not consider these arguments because the ALJ will have an opportunity to reconsider the entire decision and will reexamine the evidence in totality during a *de novo* review. *Fleeger v. Berryhill*, No. 16-318, 2017 WL 143193, at *4 n.3 (W.D. Pa. Apr. 24, 2017) (declining to consider an additional argument by a claimant because the claimant's RFC would be reconsidered *de novo* by an ALJ); *Astuto v. Colvin*, 16-CV-1870 (PKC), 2017 WL 4326508, at *8 n.7 (E.D.N.Y. Sept. 28, 2017) (declining to consider an additional argument by a claimant because the action would be considered *de novo* by an ALJ). Thus, the court need not issue findings about Plaintiff's additional arguments because the ALJ will oversee new administrative proceedings.

## IV. CONCLUSION

After a thorough review of the Commissioner's Objection (ECF No. 22) and the Magistrate Judge's Report (ECF No. 20), the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 20), **REVERSES** the decision of the Commissioner of Social Security Administration, and **REMANDS** the action for further administrative proceedings.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 4, 2018
Columbia, South Carolina